IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | CASE NUMBER 9:18-CR-00001-RC |
| v. § | |
| § | |
| § | |
| JOHN T. SPURLOCK § | |
| § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed March 6, 2018, alleging that the Defendant, John T. Spurlock, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Original Conviction and Sentence**

John T. Spurlock was sentenced on August 24, 2006, before The Honorable Gary Fenner, of the Western District of Missouri, after being found guilty of the following offenses: three counts of use of interstate facility to attempt to entice a minor to engage in sexual activity (Class B Felony); two counts of attempt to transfer obscene material to a minor (Class C Felony); and interstate travel to attempt to engage in sexual acts with a minor (Class B felony). The Class B felony offenses carry a statutory maximum imprisonment term of 30 years, and the Class C felony offenses carry a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 35 and a criminal history category of I, was

-2-

168 to 210 months. John T. Spurlock was subsequently sentenced to 168 months' imprisonment on four counts and 120 months' imprisonment on two counts, all to be served concurrently, followed by a term of life for supervised release subject to the standard conditions of release, plus special conditions to include: searches by the probation office at a reasonable time and place based upon reasonable suspicion of contraband or evidence of violation of a condition of release; no contact with persons under the age of 18, except in the presence of an approved, responsible adult; no possession or control of any matter that is pornographic or that depicts or alludes to sexual activity or depicts minors under the age of 18; polygraph testing while undergoing counseling; sex offender counseling; sex offender registration as directed by the probation office; no residence within close proximity to schools, parks, playgrounds, public pools, or other locations frequented by children; shall not possess or use any computer without prior approval by the probation office for employment; shall not possess or use any computer with access to any on-line service at any location without prior approval by the probation office; installation of hardware or software systems on his computer at his expense to monitor his computer use; and a $100 special assessment.

## II.  The Period of Supervision

On April 28, 2017, John T. Spurlock completed his period of imprisonment and began service of the supervision term.

On July 17, 2017, his conditions of supervised release were modified as follows: the Defendant shall not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability; cellular telephones with internet capability; laptop computers (other than a computer approved by the probation office which may be subject to monitoring); ipods; personal digital assistants; portable data storage devices such as thumb drives

and flash memory; or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection. The defendant shall also refrain from the purchase, possession, or use of digital cameras; digital records, or any other type of recording and/or photographic equipment.

On February 5, 2018, jurisdiction of the instant case was accepted by the Eastern District of Texas, Lufkin Division, and was assigned to the Honorable Ron Clark.

### III.  The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising two allegations. The petition alleges that John T. Spurlock violated the following conditions of release:

> <u>Allegation 1.</u> The Defendant shall not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. For the purpose of this special condition, the term "sexually explicit conduct" is as defined under 18 U.S.C. § 2256(2)(A), and is not limited to the sexual exploitation of children.
>
> <u>Allegation 2.</u> The Defendant shall not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability; cellular telephones with internet capability; laptop computers (other than a computer approved by the probation office which may be subject to monitoring); ipods; personal digital assistants; portable data storage devices such as thumb drives and flash memory; or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection. The defendant shall also refrain from the purchase, possession, or use of digital cameras; digital records, or any other type of recording and/or photographic equipment.

### IV.  Proceedings

On March 28, 2018, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation. The Defendant agreed to plead "true" to the second allegation that claimed he failed to refrain from the use of electronic devices with photographic or internet capabilities. In return, the parties agreed that he should serve a term of imprisonment of 7 months' imprisonment, with a life term of supervised release to follow.

### V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offenses of conviction were two counts as Class C and four counts as Class B felonies, and each count can be served consecutively. Therefore, the maximum imprisonment sentence is 16 years.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to refrain from the use of

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Price*, 519 F. App'x 560, 562 (11th Cir. 2013).

electronic devices with photographic or internet capabilities, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of I, the policy statement imprisonment range is 3 to 9 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

According to 18 U.S.C. § 3583(h) and U.S.S.G. § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The authorized term of supervised release for this offense is not more than life.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a special condition of release that he failed to refrain from the use of electronic devices with photographic or internet capabilities. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade C violation, and the criminal history category is I. The policy statement range in the Guidelines Manual is 3 to 9 months. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 7 months, with a life term of supervised release to follow.

## VII.  Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a special condition of release by failing to refrain from the use of electronic devices with photographic or internet capabilities.  The petition should be granted, and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583.  The Defendant should be sentenced to a term of 7 months' imprisonment, with a life term of supervised release to follow. The Defendant requested to serve his prison term at the Federal Correctional Institution in Seagoville, Texas or Oakdale, Louisiana.  The Defendant's request should be accommodated, if possible.

In addition to the mandatory and standard conditions of supervised release, the same special conditions previously imposed shall be imposed, including: searches by the probation office at a reasonable time and place based upon reasonable suspicion of contraband or evidence of violation of a condition of release; no contact with persons under the age of 18, except in the presence of an approved, responsible adult; no possession or control of any matter that is pornographic or that depicts or alludes to sexual activity or depicts minors under the age of 18; polygraph testing while undergoing counseling; sex offender counseling; sex offender registration as directed by the probation office;  no residence within close proximity to schools, parks, playgrounds, public pools, or other locations frequented by children; shall not possess or use any computer without prior approval by the probation office for employment; shall not

possess or use any computer with access to any on-line service at any location without prior approval by the probation office; installation of hardware or software systems on the Defendant's computer at his expense to monitor his computer use; and the Defendant shall not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability, cellular telephones with internet capability, laptop computers (other than a computer approved by the probation office which may be subject to monitoring), ipods, personal digital assistants, portable data storage devices such as thumb drives and flash memory, or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection; and the defendant shall also refrain from the purchase, possession, or use of digital cameras, digital records, or any other type of recording and/or photographic equipment.

The rationale for these special conditions is that they are reasonable and necessary to prevent future criminal conduct by the Defendant, as well the reasons contained in the Defendant's Presentence Investigation Report, and in accordance with 18 U.S.C. §§ 3583(c), 3553(a)(2)(B).

## VIII.  Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation.  Objections to this report must:  (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report, and (4) no more than eight (8) pages in length.  *See* 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2); Local Rule CV-72(c).  A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made.  *See* 28 U.S.C. § 636(b)(1) (2009); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, see *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 2nd day of April, 2018.

_____
Zack Hawthorn
United States Magistrate Judge